**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission, ) | No. CV 08-1464-PHX-NVW |
| ) | |
| Plaintiff, ) | **FINAL JUDGMENT AS TO DEFENDANT RICHARD DABNEY** |
| ) | |
| vs. ) | |
| ) | |
| Alliance Transcription Services, Inc., et ) | |
| al., ) | |
| Defendants. ) | |
| ) | |

Plaintiff's Motion for Summary Judgment having been granted by separate order (doc. #91),

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Richard Dabney and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## III.

| | |
|---|---|
| 1 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to |
| 2 | Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, |
| 3 | for five years following the date of entry of this Final Judgment, from acting as an officer |
| 4 | or director of any issuer that has a class of securities registered pursuant to Section 12 of |
| 5 | the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section |
| 6 | 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]. |
| 7 | IV. |
| 8 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 9 | Defendant is barred, for five years following the date of entry of this Final Judgment, |
| 10 | from participating in an offering of penny stock, including engaging in activities with a |
| 11 | broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to |
| 12 | induce the purchase or sale of any penny stock.  A penny stock is any equity security that |
| 13 | has a price of less than five dollars, except as provided in Rule 3a51-1 under the |
| 14 | Exchange Act [17 C.F.R. 240.3a51-1]. |
| 15 | V. |
| 16 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 17 | Defendant is liable for disgorgement of $315,940.74, representing profits gained as a |
| 18 | result of the conduct alleged in the Complaint, together with prejudgment interest thereon |
| 19 | in the amount of $87,602.41 for a total of $403,543.15.  Defendant shall satisfy this |
| 20 | obligation by paying $403,543.15 within ten business days to the Clerk of this Court, |
| 21 | together with a cover letter identifying Richard Dabney as a defendant in this action; |
| 22 | setting forth the title and civil action number of this action and the name of this Court; |
| 23 | and specifying that payment is made pursuant to this Final Judgment.  Defendant shall |
| 24 | simultaneously transmit photocopies of such payment and letter to the Commission's |
| 25 | counsel in this action.  By making this payment, Defendant relinquishes all legal and |
| 26 | equitable right, title, and interest in such funds, and no part of the funds shall be returned |
| 27 | to Defendant.  The Clerk shall deposit the funds into an interest bearing account with the |
| 28 | Court Registry Investment System ("CRIS") or any other type of interest bearing account |

1 | that is utilized by the Court. These funds, together with any interest and income earned
2 | thereon (collectively, the "Fund"), shall be held in the interest bearing account until
3 | further order of the Court in accordance with 28 U.S.C. § 1914 and the guidelines set by
4 | the Director of the Administrative Office of the United States Courts, the Clerk is
5 | directed, without further order of this Court, to deduct from the income earned on the
6 | money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee
7 | shall not exceed that authorized by the Judicial Conference of the United States. The
8 | Commission may propose a plan to distribute the Fund subject to the Court's approval.
9 | Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28
10 | U.S.C . § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $130,000.00 pursuant to Section 21(d) of the Exchange Act [5 U.S.C. § 78u(d)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Richard Dabney as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

DATED: this 8th day of February, 2010.

_____
Neil V. Wake
United States District Judge